IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VEE RAMDATH,

    Plaintiff,

vs.

CPS GRAPHICS, INC.
d/b/a TAMBOURINE
a Florida Corporation,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, VEE RAMDATH, hereby files his Complaint for Damages against Defendant, CPS GRAPHICS, INC. d/b/a TAMBOURINE and shows:

### Introduction

1. This is an action by VEE RAMDATH against his former employer for unpaid wages, breach of contract, and unpaid minimum wages pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, Florida Statutes Chapter 448, Florida common law, and the Florida Minimum Wage Act. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, VEE RAMDATH, (hereinafter "RAMDATH") a resident of Broward County, was at all times material, employed by CPS GRAPHICS, INC. d/b/a TAMBOURINE as

a Director of Search Optimization, was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with CPS GRAPHICS, INC d/b/a TAMBOURINE, was engaged in commerce or in the production of goods for commerce.

5. Defendant, CPS GRAPHICS, INC d/b/a TAMBOURINE (hereinafter, "TAMBOURINE"), is a Florida Corporation doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting interstate commerce, is an employer as defined by 29 U.S.C. §§203(d) and (s)(1), in that in that it has employees engaged in commerce of in the production of goods for commerce, and it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206, at the offices where RAMDATH was employed.

### Count I-Violation of the FLSA and Florida Constitution Article X Section 24(c) by TAMBOURINE- Minimum Wage

6. Plaintiff, RAMDATH, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7. RAMDATH worked and performed services for TAMBOURINE for several days during the last week of his employment, but received no compensation whatsoever for the work performed. Specifically, RAMDATH worked from 9:00 a.m. until approximately 6:00 p.m. on October 16, 17, 20 and 21, 2014, for a total of 36 hours or more. During this time, RAMDATH was not paid his agreed upon salary, or any wages for that matter.

8. On or about December 11, 2014, RAMDATH sent a letter to TAMBOURINE, specifically addressed to its principals, Dave Spector, Rafael Cardozo, Stephen Rosen, advising

them of the hours that he worked, the fact that he did not get paid, and that he intended to file suit within 15 days if he didn't receive payment.

9. Despite providing TAMBOURINE and its principals ample time and opportunity to pay his wages, TAMBOURINE ignored RAMDATH's correspondence and refused to pay him in accordance with the law.

10. TAMBOURINE's failure to pay RAMDATH violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

11. RAMDATH is entitled pursuant to the FLSA and the Florida Minimum Wage Act; and Section 18(a) of the FLSA, to recover from Defendant TAMBOURINE:

    a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for RAMDATH and against TAMBOURINE on the basis of its willful violations of the Florida Minimum Wage Act, and the FLSA;

    b. Award RAMDATH actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c. Award RAMDATH an equal amount in liquidated damages;

    d. Award RAMDATH reasonable attorneys' fees and costs of suit; and

    e. Other such relief as this Court deems just.

**Count II: Breach of Contract by TAMBOURINE – Unpaid Wages**

12. Plaintiff, RAMDATH, realleges the allegations in paragraphs 1 through 5 above, as if fully set forth in Count II of Plaintiff's Complaint.

13. On or about January 6, 2014, RAMDATH began his employment with Defendant. It was the parties' agreement that RAMDATH was to receive a salary and variable compensation in exchange for providing search optimization services for Defendant. (See attached Exhibit 1, Offer Letter)

14. On October 16, 17, 20, and 21, 2014, (hereinafter "relevant time period"), RAMDATH worked several hours in which he was never compensated at his agreed upon salary.

15. RAMDATH resigned from his position because he did not receive variable pay that was promised to him as part of his compensation package.

16. During his last four days of employment, RAMDATH performed all necessary duties that would qualify him to receive his agreed upon wages for the relevant time period, but has not been paid the same, in the breach of the aforementioned contract.

17. TAMBOURINE's failure to pay RAMDATH the agreed upon salary for the relevant time period, amounts to a breach of contract.

18. As a result of Defendant's breach, RAMDATH has incurred general damages and is entitled to recover the unpaid wages, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

19. Pursuant to Florida Statutes, section 448.08, RAMDATH is entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, Plaintiff, VEE RAMDATH, requests judgment against Defendant for his unpaid salary and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

## Jury Demand

Plaintiff demands jury by trial on all issues so triable.

Dated: August 11, 2016
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell  (Fla. Bar No. 996777)
E-Mail: robnorell@aol.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for VEE RAMDATH