# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into between VEE RAMDATH, his successors, agents and assigns, on the one hand (hereinafter referred to as "PLAINTIFF"), and CPS GRAPHICS d/b/a TAMBOURINE their shareholders, partners, owners, successors, representatives, assigns, directors, officers, employees, former employees and affiliated, parent and/or subsidiary companies (hereinafter referred to as "DEFENDANT") PLAINTIFF and DEFENDANT are sometimes collectively referred to as the "PARTIES". This Settlement Agreement and Release is made in light of the following:

WHEREAS, PLAINTIFF is a former employee of DEFENDANT and

WHEREAS, on August 11, 2016, PLAINTIFF filed suit against DEFENDANT claiming wage violations of the Fair Labor Standards Act in Case NO. 0:16-CV-61943-WPD; *VEE RAMDATH v. CPS Graphics, Inc.*; in the United States District Court, Southern District of Florida, Ft. Lauderdale Division; and

WHEREAS, DEFENDANT denies that PLAINTIFF is due any monies; and

WHEREAS, the Parties desire to reach an agreement to settle and forever resolve any and all wage-related claims and/or differences between them which could be raised by the Parties now or in the future arising out of PLAINTIFF'S employment with or resignation from his employment from DEFENDANT.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is acknowledged, the Parties do hereby settle, compromise and resolve any and all claims which might exist now or arise in the future as a result of or in connection with the employment relationship which existed between PLAINTIFF and DEFENDANT, except with respect to enforcement of this agreement, as follows:

1. **RELEASE**. The Parties agree to mutually release and hold harmless, now and forever, all claims against each other individually and from corporate claims as to DEFENDANT from any and all claims that any party may have or have had in the past, known or unknown, against them upon or by reason of any matter, cause or thing whatsoever, from the beginning of PLAINTIFF'S employment to the date of this release, including, without limitations, all claims for attorney's fees and costs, payments, wages, charges, benefits, actions and causes of action with respect to, arising from PLAINTIFF'S employment and resignation of employment from DEFENDANT, other than claims employee may have to payment of vested benefits (if any) under the terms of DEFENDANT'S qualified pension plans, if any, as amended from time to time. The claims released pursuant hereto, include, but are not limited to, claims arising under any federal, state or local statute, including, without limitation, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq., the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq., the Equal Pay Act, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq., the Florida Human Rights Act of 1992, Florida Stat. § 760 et seq., the Family and Medical

1

Leave Act of 1993, the Fair Labor Standards Act, the Florida Workers' Compensation Law, the Florida Law Prohibiting Employment Discrimination on the Basis of Sickle Cell Trait, and all other statutes regulating the terms and conditions of employment, regulation or ordinance, under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of emotional distress, fraud or any other unlawful behavior, the existence of which is denied by DEFENDANT or otherwise), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between PLAINTIFF and DEFENDANT. In consideration of this Agreement the PLAINTIFF waives any and all rights he may have under these laws as to events which have occurred prior to the date of this Agreement and acknowledges that the DEFENDANT has not discriminated against him, (b) breached any contract with him, (c) committed any civil wrong (tort) against him, or (d) otherwise acted unlawfully toward him.

Excepting claims based upon representations, warranties, agreements, covenants, and promises made in or pursuant to this Agreement, the DEFENDANT, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the PLAINTIFF, receipt whereof is hereby acknowledged, releases and forever discharges the PLAINTIFF and her respective heirs, executors, administrators, successors, and assigns, from all actions, causes of action, debts, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, claims, and demands whatsoever, whether known or unknown, either in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to, or arising out of any aspect of the PLAINTIFF's relationship with the DEFENDANT, any agreement concerning such relationship, or the termination of such relationship, which, against the PLAINTIFF, the DEFENDANT or the DEFENDANT'S successors and assigns ever had, now have or hereafter can, will, or may have, by reason of any matter or cause whatsoever, from the beginning of the world to the date the DEFENDANT executes this Agreement.

2.   **NON-DISPARAGEMENT**.  The Parties acknowledge that maintaining each other's good reputation in the community is of paramount importance.  Accordingly, the Parties agree that they will not disparage or encourage or induce others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, social media, or otherwise.  No party will act in bad faith to induce, encourage or instruct others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, including social media, or otherwise.

3.   In the event the DEFENDANT is contacted regarding PLAINTIFF'S employment with DEFENDANT, DEFENDANT shall, provide dates of employment, and positions held.  No disparaging remarks shall be made about PLAINTIFF.

The Parties agree that failure to abide by this provision shall entitle the aggrieved party (or parties) to seek damages from the court including attorney's fees and costs.

4.   **CONSIDERATION IN SETTLEMENT**.  For and in consideration of the execution of this Agreement, the Parties agree that the DEFENDANT will pay the total sum of **FIVE THOUSAND ONE HUNDRED DOLLARS AND 00/100 ($5,100.00)** within seven (7)

2

19198641v1 0990428

19199491v1 0990428

days after the Court approves this settlement to be distributed to the PLAINTIFF in the amounts stated below:

    a.    $1,000.00, to VEE RAMDATH less normal payroll taxes– payable in one check and sent to the offices of Robert S. Norell, P.A., for which the DEFENDANT shall issue a Form W-2 for the calendar year 2016, and:

    b.    $600.00 to VEE RAMDATH with no deductions, payable in one check and sent to the offices of Robert S. Norell, P.A., for which the DEFENDANT shall issue a Form 1099 for the calendar year 2016;

    b.    DEFENDANT further agrees to pay to Plaintiff's counsel, Law Office of Robert S. Norell, P.A., (Tax Id Number: 65-0643110) the total sum $3,500.00 within seven (7) days after the Court approves this settlement, for reasonable and necessary attorney's fees and costs. This payment to PLAINTIFF's counsel was separately negotiated from the payments made by DEFENDANT to PLAINTIFF. All payments reflected above shall be sent to PLAINTIFF'S counsel at the following address in care of Robert Norell Esquire, 300 NW 70th Ave., Suite 305, Plantation, FL 33317.

    5.    **LEGAL ADVICE AS TO POTENTIAL OR ACTUAL TAXES OWED** PLAINTIFF further acknowledges that he has received no opinion or advice from DEFENDANT with respect to the taxability, if any, of the payment made to him or his counsel.

    6.    **REVIEW AND ADVICE OF COUNSEL** PLAINTIFF has informed himself of the terms, contents, conditions and effects of this Settlement Agreement and Release. PLAINTIFF further acknowledges that: (1) he has been advised to consult with an attorney prior to executing this Settlement Agreement and Release; (2) he has received no opinion or advice from DEFENDANT or its attorney with respect to the advisability of accepting or rejecting this settlement offer; (3) he is over the age of eighteen (18) years, of sound mind and otherwise competent to execute this Settlement Agreement and Release; and (4) he is entering into this Settlement Agreement and Release knowingly and voluntarily and without any undue influence or pressures.

    7.    **NO ADMISSION BY EITHER PARTY** The Parties recognize and agree that, by entering into this Settlement Agreement and Release, no admissions are made with respect to the merits of any claim which may or could have been raised by the other, and that this Settlement Agreement and Release is entered into solely for the purposes of amicably ending all disputes between the parties and avoiding the further costs, uncertainty and disruption of litigation. The Parties have consistently maintained that they have no liability to the other.

    8.    **CONFIDENTIALITY**. The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys, accountants or significant others; (3) in response to requirements of law or a subpoena

3

issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for opposing party telephonically.

The Parties both covenant that they will maintain in strict confidence the existence and terms of this Settlement Agreement and Release, and after the date of this Settlement Agreement and Release will not disclose the existence of or provisions contained in this Settlement Agreement and Release to persons other than his spouse or significant other, attorneys, tax advisors, or governmental authority that may require disclosure of same. The Parties agree and understand that their covenant to maintain this Settlement Agreement and Release in strict confidence prohibits them from discussing it with anyone, including but not limited to any current or former employees of DEFENDANT and/or future/potential employers of PLAINTIFF. Further, the Parties agree not to disclose the terms of this Settlement Agreement and Release to the Blue Sheets or any other service or entity that reports or publishes data regarding the resolution of lawsuits. The Parties understand that this confidentiality provision is a material term of this Settlement Agreement and Release and that $100 of the consideration paid is for same.

9. **BINDING EFFECT** It is understood and agreed that this Settlement Agreement and Release shall be binding upon and inure to the benefit of the parties and their respective heirs, representatives, successors, and assigns.

10. **ENTIRE AGREEMENT** It is understood and agreed that this Settlement Agreement and Release contains the entire agreement between the parties and supersedes any and all prior agreements, arrangements, and understandings between the parties relating to the subject matter. No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement and Release exist. This Settlement Agreement and Release cannot be changed or terminated orally.

11. **ENFORCEMENT VENUE/JURIDICTION** It is understood and agreed that this Settlement Agreement and Release shall be governed by, construed and enforced in accordance with, and subject to, the laws of the State of Florida.

12. **EXECUTION IN MULTIPLE PARTS** It is understood and agreed that this Settlement Agreement and Release may be executed in multiple identical counterparts, each of which shall be deemed an original for all purposes.

13. **SEVERABILITY** In the event that an individual provision of this Settlement Agreement and Release is found to be legally unenforceable, such provision shall be severed from the contract, leaving the remainder intact and binding on all parties.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK -

SIGNATURE PAGE TO FOLLOW)

4

19198641v1 0990428

19199491v1 0990428

IN WITNESS WHEREOF, the parties execute this Settlement Agreement and Release in duplicate originals as reflected below:

Dated this 13 of September, 2016

I HAVE READ, UNDERSTAND, AND VOLUNTARILY SIGN THIS RELEASE OF ALL CLAIMS

_____
VEE RAMDATH, INDIVIDUALLY

Dated this 12 of September, 2016

I HAVE READ, UNDERSTAND, AND VOLUNTARILY SIGN THIS RELEASE OF ALL CLAIMS

_____
REPRESENTATIVE OF CPS GRAPHICS, INC., d/b/a TAMBOURINE

19198641v1 0990428

19199491v1 0990428